UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. 2:23-CV-00851-JES-KCD

THE NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY,

    Plaintiff,

v.

SARAH JO CROSS, individually and as personal representative of the Estate of Chaundre K. Cross; MARY RHUDE CROSS, as guardian of A.C., a minor, J.C., a minor, and L.C., a minor; and ANY UNKNOWN CHILDREN of Chaundre K. Cross;

    Defendants.
_____/

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS

Plaintiff, The Northwestern Mutual Life Insurance Company ("Northwestern"), by and through undersigned counsel, hereby responds to (i) the motion to dismiss Northwestern's Complaint filed by Mary Rhude Cross, as guardian of A.C., a minor, J.C., a minor, and L.C., a minor (collectively referred to as the "Beneficiaries"), [DE 14] (the "Beneficiaries' Motion to Dismiss"), and (ii) the joint motion to dismiss Northwestern's Complaint filed by Sarah Jo Cross ("Sarah Jo Cross"), individually and as personal representative of the Estate of

Chaundre K. Cross (the "Estate") and the Beneficiaries (Sarah Jo Cross, the Estate and the Beneficiaries are collectively referred to as "Defendants"), [DE 17] (the "Joint Motion"). The two motions are collectively referred to as the "Two Motions." As explained herein, Defendants' attempt to dismiss Northwestern's Complaint is unsupported by Florida law and should be denied.

## PRELIMINARY ISSUE

The Beneficiaries initially filed their own motion to dismiss, and the Defendants, including the Beneficiaries, later filed the Joint Motion. The Beneficiaries therefore currently have two pending motions to dismiss. Because the Beneficiaries did not withdraw the Beneficiaries' Motion to Dismiss, Plaintiff hereby responds to the Two Motions.

## BACKGROUND

This case involves a Term Life Policy (the "Policy") issued by Northwestern to Dr. Chaundre K. Cross ("Dr. Cross") in October 2021 with a death benefit of $1,400,000.00. On or about August 10, 2022, Dr. Cross traveled into the Gulf of Mexico aboard his boat, the Vitamin Sea. Dr. Cross never came back to shore and his boat was later recovered by the United States Coast Guard. Dr. Cross's body remains lost at sea. Following his disappearance, Dr. Cross's Estate obtained a death certificate, which lists "lost at sea" as the cause of death. Following Dr. Cross's passing, which happened within the two-year contestability period, Northwestern

learned that Dr. Cross knowingly incorrectly misstated and/or omitted facts in his insurance application in violation of section 627.409(1), Florida Statutes. Specifically, Northwestern learned that Dr. Cross had failed to disclose in his application his two suicide attempts as well as multiple diagnostic tests and diagnoses. On October 6, 2023, Northwestern filed a complaint initiating the present lawsuit, seeking (i) rescission of the Policy or, in the alternative (ii) a declaratory judgment that Dr. Cross's cause of death was suicide. [DE 01]. Defendants thereafter filed the Two Motions, alleging that (i) Northwestern's claim should have been brought against the Estate in the probate action and is untimely and (ii) Northwestern failed to sufficiently plead facts. Because Northwestern's claim against the Beneficiaries need not be brought in the probate court, and because Northwestern's Complaint is sufficiently pled, Defendants' Two Motions should be denied.

## MEMORANDUM OF LAW

### I. THE FLORIDA PROBATE CODE DOES NOT APPLY TO LIFE INSURANCE PROCEEDS AS THEY ARE NOT PROBATE ASSETS.

#### a. Florida Statute 733.702(1) Does Not Apply to The Case at bar.

Defendants mistakenly assert that Northwestern's rescission claim is untimely and should have been brought against the Estate within three (3) months of the notice to creditors being published by the Estate or thirty (30) days after the date of service on the creditor pursuant to section 733.702(1), Florida Statutes. Defendants' reliance on the Florida Probate Code is misplaced, however, because the beneficiary of the

3

Policy was not the Estate, but rather the individually named defendants, the children of Dr. Cross. It is well settled under Florida law that:

> [A] claim against the beneficiary of the insurance policy does not require the filing of a claim in the estate of the deceased insured. Proceeds of life insurance, payable to an individual beneficiary, do not pass through the estate of the deceased.

Gartley v. Gartley, 622 So. 2d 77, 78 (Fla. 2d DCA 1993). See also Am. Gen. Life Ins. Co. v. O.H.M., 8:20-CV-1581-WFJ-CPT, 2021 WL 7448072, at *6 (M.D. Fla. Mar. 1, 2021), report and recommendation adopted sub nom. Am. Gen. Life Ins. Co. v. O.H.S., 8:20-CV-1581-WFJ-CPT, 2021 WL 7448129 (M.D. Fla. Mar. 16, 2021) (holding that proceeds of a life insurance policy payable to individual beneficiaries do not pass thru the estate and are not a probate asset). Consequently, "if the proceeds of a particular life insurance policy are not cognizable in probate, then the probate court has no jurisdiction over them." Id. See also Warner v. Quicken Loans, Inc., 2020 WL 2097981, at *6 (M.D. Fla. May 1, 2020) (finding that the probate court had no jurisdiction over property not cognizable in probate).

It is clear under Florida law that the proceeds from Dr. Cross's life insurance are not probate assets. As such, the three-month window and thirty-day window to bring a claim against Dr. Cross's Estate do not apply here. Northwestern filed suit against the Estate out of an abundance of caution but does not object to its dismissal, so long as the Beneficiaries remain parties to this action.

### b. **Florida Statute 733.702(2) Does Not Apply to The Case at Bar.**

Defendants' reliance on section 733.702(2), Florida Statutes, is also misplaced as Northwestern's rescission action was not filed against the insured but against his beneficiaries. Florida Statute 733.702(2) only applies to causes of action brought against the decedent during his/her lifetime. There is no requirement under Florida law that the rescission claim be brought exclusively against the insured or his/her Estate, and Defendants cite no case that even hints at such a proposition. Such a requirement would be absurd and dramatically limit the insurer's ability to rescind policies fraudulently acquired, as the misrepresentations, omissions, concealments of facts and incorrect statements are often discovered by the insurer after the insured's passing.

In fact, under Florida law, in the context of a term life insurance policy, "[o]nly upon the death of the insured [is] there an asset available for distribution." Cooper v. Muccitelli, 661 So. 2d 52, 53 (Fla. 2d DCA 1995), approved, 682 So. 2d 77 (Fla. 1996). That distribution, when the policy has a named beneficiary, does not become an asset in the estate of the insured. Id. Rather, the proceeds go directly to the beneficiaries. Flick's Estate v. C.I.R., 166 F.2d 733, 737 (5th Cir. 1948). As such, courts routinely allow insurers to rescind policies under section 627.409, Florida Statutes, after the death of the insured, and such actions are proper against the beneficiaries who receive the distribution of the life insurance proceeds. See Miguel v. Metro. Life Ins. Co., 200 Fed. Appx. 961 (11th Cir. 2006) (affirming the district

5

court's decision granting the insurer summary judgment on its counterclaim for rescission against beneficiaries after finding that the decedent had made misrepresentations about her health); Paulino v. Primerica Life Ins. Co., 21-22754-CIV, 2022 WL 18023485 (S.D. Fla. Oct. 24, 2022) (finding that the insurer was entitled to rescind the policy and deny the beneficiary's claim for benefits due to the decedent's material misrepresentations or omissions); Wharran v. United of Omaha Life Ins. Co., 645 F. Supp. 3d 1299 (M.D. Fla. 2022) (granting the insurer's motion for summary judgment on the beneficiaries' breach of contract claim, finding that the insurer was entitled to rescind the policy due to the decedent's misrepresentation in the application). Since the claim was correctly brought against the Beneficiaries, section 733.702(2), Florida Statutes, does not apply to the present action.

Northwestern's claim for rescission of the policy against the Beneficiaries is timely and proper, and the Two Motions, as to the Beneficiaries, should be denied.

## II. **NORTHWESTERN HAS ALLEGED SUFFICIENT FACTS TO SURVIVE A MOTION TO DISMISS.**

### a. **Northwestern has alleged sufficient facts to rescind the policy.**

A complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hughes v. Rowe, 449 U.S. 5, 10 (1980). "The threshold sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low." Ziruolo v. Moreland, 806-90CIVT17EAJ, 2006 WL 314509, at

6

*1 (M.D. Fla. Feb. 9, 2006). An insurer is entitled to rescind the policy if the insured makes material misrepresentations pursuant to section 627.409, Florida Statutes. Northwestern has alleged sufficient facts showing that rescission is proper in this case because (a) Dr. Cross made material misrepresentations in his application (the Complaint specifically identifies each misrepresentation), (b) Northwestern learned about the misrepresentations during the two (2) year contestability period, and (c) Northwestern is entitled to unilaterally rescind the policy under Florida law because of Dr. Cross's material misrepresentations.

### b. **Northwestern has alleged sufficient facts to seek a declaratory judgment.**

Insurers often seek a declaratory judgment in the alternative of a rescission action. See Endurance Assurance Corp. v. Zoghbi, 403 F. Supp. 3d 1301, 1304 (S.D. Fla. 2019) ("Here, Endurance presents three claims: two for declaratory judgment and one for rescission."); Mega Life & Health Ins. Co. v. Pieniozek, 585 F.3d 1399, 1402 (11th Cir. 2009) ("Count 1 of the complaint sought a declaration that Mega was entitled to rescind Kellie Pieniozek's life insurance policy …. In Count 2, Mega sought an alternative declaration"); Markel Ins. Co. v. Whigham Law Group, P.A., 8:16-CV-2550-MSS-TGW, 2018 WL 4559089, at *10 (M.D. Fla. Mar. 22, 2018) (finding that, in light of the insurer's right to rescind the insurance policy, the insurer's motion for summary judgment on its alternative claim of declaratory judgment was moot).

Here, Defendants contend that Plaintiff has not stated sufficient facts to obtain a declaratory judgment that Dr. Cross's cause of death was suicide and offer alternative facts. This is improper in a motion to dismiss as "a court must accept the plaintiff's well pled facts as true and construe the complaint in the light most favorable to the plaintiff." Ziruolo, 2006 WL 314509, at *1. And, as stated by this court, it is especially improper in a motion to dismiss a complaint for declaratory judgment:

> Federal jurisdiction for this declaratory judgment action is based on diversity jurisdiction, and therefore state law applies to any issue not governed by the Constitution or treaties of the United States or Acts of Congress. Mid–Continent Cas. Co. v. American Pride Bldg. Co., LLC, 601 F.3d 1143, 1148 (11th Cir.2010), citing 28 U.S.C. § 1652; Erie R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Here, Florida law applies. Dew Seven, LLC v. Big Lots Stores, Inc., 354 Fed. Appx. 415 (11th Cir.2009). As in state court, " '[a] motion to dismiss a complaint for declaratory judgment is not a motion on the merits. Rather, it is a motion only to determine whether the plaintiff is entitled to a declaration of its rights, not to whether it is entitled to a declaration in its favor.'"

Feldkamp v. Long Bay Partners, LLC, 2:09-CV-253-FTM29SPC, 2010 WL 3610452, at *4 (M.D. Fla. Sept. 14, 2010).

Defendants also assert that Plaintiff has no proof that Dr. Cross intentionally ended his life and suggest alternative scenarios that could explain Dr. Cross's disappearance. Defendants also deny certain allegations from the Complaint, suggesting that the denials somehow entitle them to judgment as a matter of law.

These arguments should be given short shrift as they are nothing more than a challenge to the sufficiency of the evidence, rather than the sufficiency of the facts alleged, which is also improper at the motion to dismiss stage. Maryland Cas. Co. v. Shreejee Ni Pedhi's, Inc., 3:12-CV-121-J-34MCR, 2013 WL 460311, at *7 (M.D. Fla. Jan. 8, 2013) ("[T]he Court need not make a determination regarding the sufficiency of Bombay's evidence at this time. Such a determination is properly made upon a motion for summary judgment."), report and recommendation adopted, 3:12-CV-121-J-34MCR, 2013 WL 460434 (M.D. Fla. Feb. 7, 2013).

Northwestern has alleged sufficient facts in its Complaint to show that (i) Dr. Cross has died[1], (ii) the Policy contains an exclusion when the insured dies by suicide within one year of the Policy being issued (which requires a declaratory judgment as to Dr. Cross's cause of death), and (iii) doubts remain as to Dr. Cross's of cause of death: Dr. Cross' disappearance is consistent with a theory of suicide rather than a theory of accident as Dr. Cross had a history of suicide attempts; Dr. Cross's second marriage came to an end on the day he disappeared; and Dr. Cross had changed his beneficiaries from his wife to his children.

---

[1] Sarah Jo Cross admitted in the probate action currently pending in the Circuit Court for Collier County, Florida, case number 11-2022-CP-002968-0001-XX that Dr. Cross had died. Plaintiff requests this Court take judicial notice of the probate action. See Young v. City of Augusta, Ga. Through DeVaney, 59 F.3d 1160, 1166 n.11 (11th Cir. 1995) (holding a court may take judicial notice of another court order for the purpose of recognizing the judicial action taken or the subject matter of the litigation).

Because the Policy contains an exclusion for suicide, should rescission be denied, Plaintiff is entitled to a declaratory judgment as to Dr. Cross's cause of death. Therefore, the Two Motions should be denied.

### III. COUNSEL FOR DEFENDANTS FAILED TO COMPLY WITH LOCAL RULE 3.01(g).

Finally, it must be noted that Counsel for Defendants failed to comply with Local Rule 3.01(g), which requires that the parties meet and confer before filing a motion. Defendants' counsel left a voicemail merely fifteen (15) minutes before filing the Beneficiaries' Motion to Dismiss [DE 14]. Defendants' counsel did not actually speak with undersigned counsel until undersigned called Defendants' counsel back <u>after</u> Defendants' counsel filed the Beneficiaries' Motion [DE 14]. Notwithstanding, had Defendants' counsel properly met and conferred with undersigned, Northwestern would not have agreed to the relief sought in the Two Motions as Defendants' arguments are meritless and unsupported by Florida law.

### IV. CONCLUSION

For the foregoing reasons, The Northwestern Mutual Life Insurance Company respectfully requests that the Court deny the Beneficiaries' Motion to Dismiss and the Joint Motion to Dismiss, and grant any further relief as this Court deems just and equitable.

Respectfully Submitted,

**SHUTTS & BOWEN LLP**
*Attorneys for The Northwestern Mutual Life Insurance Company*
200 S. Biscayne Boulevard
Suite 4100
Miami, Florida 33131
Tel: (305) 358-6300
Fax: (305) 381-9982

By: /s/John Meagher
John E. Meagher
Florida Bar No. 511099
jmeagher@shutts.com
Jake Monk
Florida Bar No. 100321
jmonk@shutts.com
Emma G. Refuveille
Florida Bar No. 1044225
erefuveille@shutts.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 6, 2024, I filed the foregoing document with the Clerk of Court. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or via US Mail, an authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/John Meagher
Of Counsel

## SERVICE LIST

Christopher Marsala, Esq.
McLaughlin & Stern
Newgate Office Tower
5150 Tamiami Trail North, Suite 602
Naples, FL 34103
cmarsala@mclaughlinstern.com
dmillan@mclaughlinstern.com
Attorneys for Defendant Sarah Jo Cross

Carlos J. Cavenago, III, Esq.
Parvey & Cavenago
12711 World Plaza Lane
Building 81, Cavenago Building
Fort Myers, Fl 33907
carlos@parveycavenago.com
service@parbeycavenago.com
Attorneys for Defendants