UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THE NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY,

       Plaintiff,

v.                                  Case No:  2:23-cv-851-JES-KCD

SARAH JO CROSS, individually
and as personal
representative of the Estate
of Chaundre K. Cross, MARY
RHUDE CROSS, as guardian of
A.C., a minor, J.C., a
minor, and L.C., a minor,
and ANY UNKNOWN CHILDREN OF
CHAUNDRE K. CROSS,

       Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendant Mary Rhude Cross's Motion to Dismiss (Doc. #14) filed January 16, 2024, and defendants' Joint Motion to Dismiss (Doc. #17) filed on January 18, 2024.  Plaintiff filed a Response in Opposition to Motions (Doc. #20) on February 6, 2024.  On February 29, 2024, defendant filed a Reply (Doc. #28) with leave of Court.

**I.**

According to the Complaint (Doc. #1): On October 8, 2021, Dr. Chaundre K. Cross (Dr. Cross) completed and signed an application and a Medical History Questionnaire for a life insurance policy

with The Northwestern Mutual Life Insurance Company (Northwestern). In the Questionnaire, Dr. Cross asserted that the responses therein were complete, accurate, and truthful, and acknowledged that any inaccurate or misleading statements could result in the reformation, rescission, or termination of the Term Life Policy. Question 6 asked if Dr. Cross had ever been diagnosed with or treated for any psychiatric/mental health illness. Dr. Cross answered 'None.' In Question 14, a series of questions asked whether Dr. Cross had been a patient in a hospital, clinic, rehabilitation center, or other medical facility, had a diagnostic or screening tests, and if he was advised by a medical professional to have a test, consultation, hospitalization, or surgery that was not completed. Dr. Cross answered in the negative to all these questions.

Taking the answers as true and accurate, on October 8, 2021, Northwestern issued a Term Life Policy (the Policy) to Dr. Cross providing a death benefit of $1.4 million upon Dr. Cross's death. Dr. Cross designated his wife Sarah Jo Cross as the sole beneficiary. On or about August 6, 2022, Dr. Cross changed the beneficiary to "all children of the insured."

On or about August 10, 2022, Sara Jo Cross filed a petition for dissolution of marriage. Also on August 10, 2022, Dr. Cross left Naples Bay Marina on his boat (the Vitamin Sea) and travelled to the Gulf of Mexico. Dr. Cross's vessel was recovered 16 miles

off the coast of Sanibel Island, Florida. Dr. Cross's body was never recovered.

Northwestern asserts that Dr. Cross failed to disclose that he was hospitalized in May 2018 and November 2018 for two suicide attempts. Dr. Cross also had multiple diagnostic tests, including a CT scan, and was recommended to receive outpatient and/or inpatient care from a mental health professional.

Northwestern filed a two-count Complaint seeking rescission of the Policy based on false and fraudulent statements (Count I) and a declaratory judgment that Dr. Cross died by suicide (Count II). Both counts initially named Sarah Jo Cross as a defendant, both individually and as personal representative of Dr. Cross's estate. Northwestern subsequently filed two Notices of Voluntary Dismissal Without Prejudice (Docs. ## 21, 26) dismissing Sarah Jo Cross in both her representative and individual capacities. Therefore, the motion to dismiss is moot as to Sarah Jo Cross.

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations

must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## III.

**A. Count I: Rescission of Insurance Policy**

In Count I, Northwestern alleges that it justifiably relied on material misrepresentations made by Dr. Cross in his Application for the Policy. Northwestern alleges that it otherwise would not have issued the Policy or would not have issued it at the same premium rate or would not have issued it in such a large amount or would not have issued it with the same terms and provisions. Northwestern argues that the Policy is void *ab initio* under Florida common law and Fla. Stat. § 627.409. The only remaining defendant is Mary Rhude Cross, the guardian of the minor beneficiaries.

"Florida law ... gives an insurer the unilateral right to rescind its insurance policy on the basis of misrepresentation in the application of insurance." Gonzalez v. Eagle Ins. Co., 948 So. 2d 1, 2 (Fla. 3d DCA 2006). Section 627.409, Florida Statutes (2020), provides, in relevant part:

> (1) Any statement or description made by or on behalf of an insured or annuitant in an application for an insurance policy or annuity contract, or in negotiations for a policy or contract, is a representation and not a warranty. Except as provided in subsection (3), a misrepresentation, omission, concealment of fact, or incorrect statement may prevent recovery under the contract or policy only if any of the following apply:
>
> (a) The misrepresentation, omission, concealment, or statement is fraudulent or is material to the acceptance of the risk or to the hazard assumed by the insurer.

> (b) If the true facts had been known to the insurer pursuant to a policy requirement or other requirement, the insurer in good faith would not have issued the policy or contract, would not have issued it at the same premium rate, would not have issued a policy or contract in as large an amount, or would not have provided coverage with respect to the hazard resulting in the loss.

Fla. Stat. § 627.409(1). A misstatement or omission need not be intentional, only material. Nationwide Mut. Fire Ins. Co. v. Kramer, 725 So. 2d 1141, 1142 (Fla. 2d DCA 1998). "A misrepresentation will be deemed material 'if it does not enable a reasonable insurer to adequately estimate the nature of the risk in determining whether to assume the risk.'" Rodriguez v. Responsive Auto Ins. Co., ___ So. 3d ___, 2023 WL 5061776, *2, 48 Fla. L. Weekly D1557 (Fla. 3d DCA Aug. 9, 2023) (citation omitted) (quoting Singer v. Nationwide Mut. Fire Ins. Co., 512 So. 2d 1125, 1128-29 (Fla. 4th DCA 1987)).

Dr. Cross's estate is being processed in a state probate proceeding. Defendant asserts that Fla. Stat. § 733.702 required Northwestern to file its claim for rescission in the probate proceedings within three months of publication of the notice of administration, which it failed to do. Defendant argues that because Northwestern failed to timely file the rescission claim in the pending probate proceeding, Northwestern is barred from seeking rescission of the Policy in this case.

6

The assertion that Northwestern's claim in Count I is barred as untimely is rejected for two reasons. First, the argument is an affirmative defense. As such, plaintiff is

> not required to negate an affirmative defense in its complaint." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) (citation and internal quotation marks omitted), abrogated on other grounds by Twombly, 550 U.S. 544, 127 S. Ct. 1955. So dismissal on statute-of-limitations grounds is proper only where it is "apparent from the face of the complaint that the claim is time-barred." Id. (citation and internal quotation marks omitted); see also Isaiah v. JPMorgan Chase Bank, 960 F.3d 1296, 1304 (11th Cir. 2020) ("A complaint need not anticipate and negate affirmative defenses and should not ordinarily be dismissed based on an affirmative defense unless the defense is apparent on the face of the complaint.").

Wainberg v. Mellichamp, 23-11680, 2024 WL 701845, at *3 (11th Cir. Feb. 21, 2024). No such affirmative defense is apparent on the face of the Complaint, and therefore this is not a proper ground for dismissal.

Second, proceeds of life insurance, payable to an individual beneficiary, do not pass through the estate of the deceased.

> The policy in question was a term life insurance policy. There was no cash or loan value to be distributed by dissolution. Only upon the death of the insured was there an asset available for distribution. The proceeds of a life insurance policy having a named beneficiary do not become assets in the estate of the insured. Gartley v. Gartley, 622 So.2d 77 (Fla. 2d DCA 1993).

Cooper v. Muccitelli, 661 So. 2d 52, 53 (Fla. 2d DCA 1995), approved, 682 So. 2d 77 (Fla. 1996). As Gartley stated, "[w]e hold ... that a claim against the beneficiary of the insurance policy does not require the filing of a claim in the estate of the deceased insured. Proceeds of life insurance, payable to an individual beneficiary, do not pass through the estate of the deceased. See sections 222.13 and 733.808(4), Florida Statutes (1985)." Gartley v. Gartley, 622 So. 2d 77, 78 (Fla. 2d DCA 1993). See also Fla. Stat. § 222.13(1) ("Whenever any person residing in the state shall die leaving insurance on his or her life, the said insurance shall inure exclusively to the benefit of the person for whose use and benefit such insurance is designated in the policy."). "Death benefits" are not deemed to be part of the decedent's estate "unless paid to a personal representative." Fla. Stat. § 733.808(4). Therefore, the motion to dismiss is denied as to the rescission claim in Count I.

### B. Count II: Declaration That Death Was Suicide

In Count II, Northwestern seeks a declaratory judgment that Dr. Cross died by suicide within one year of the date the Policy was issued. Defendants apparently concede that Dr. Cross has died but allege that Count II does not plausibly show the death was by suicide.

"An insurer may file a declaratory action in order to determine whether an insurance policy is voidable." Transp. Cas.

Ins. Co. v. Soil Tech Distributors, Inc., 966 So. 2d 8, 10 (Fla. 4th DCA 2007).

> Although a presumption against suicide exists, it is overcome when either party introduces evidence of suicide. World Ins. Co. v. Kincaid, 145 So. 2d 268 (Fla. 1st DCA 1962), cert. discharged, 157 So. 2d 517 (Fla. 1963). Once credible evidence of suicide appears, the presumption against suicide "vanishes" and the case must be decided on all the evidence. Id. at 271.  The facts are weighed by the trier of fact, who may make the determination that the insured committed suicide by considering circumstantial as well as direct evidence. Gulf Life Ins. Co. v. Weathersbee, 126 Fla. 568, 172 So. 235 (1936). Florida, along with a majority of jurisdictions, requires proof of suicide to be established by a preponderance of the evidence. Sovereign Camp of Woodmen of the World v. Hodges, 72 Fla. 467, 73 So. 347 (1916).

C.M. Life Ins. Co. v. Ortega Through Ortega, 562 So. 2d 702, 703 (Fla. 3d DCA 1990).

Plaintiff has stated a plausible, although certainly not compelling, claim of suicide with the facts set forth in the Complaint.  Dr. Cross had twice attempted to commit suicide four years prior to the events here.  Dr. Cross had marital troubles and had recently removed his wife as beneficiary of the Policy and substituted his children.  Dr. Cross's wife filed for divorce on the same day Dr. Cross went sixteen miles into the Gulf of Mexico and disappeared, apparently without a trace, leaving his boat behind.  This is sufficient to satisfy the plausibility standard.

Accordingly, it is now

**ORDERED:**

1. The Court recognizes that pursuant to Plaintiff's Notice of Voluntary Dismissal Without Prejudice under Fed. R. Civ. P. 41(a)(1)(A)(i), Sarah Jo Cross has been dismissed without prejudice in both her individual capacity and as personal representative of the Estate of Chaundre K. Cross before an answer or a motion for summary judgment. <u>City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.</u>, 82 F.4th 1031, 1038 (11th Cir. 2023). The Clerk shall terminate this defendant on the docket.

2. Defendant Mary Rhude Cross's Motion to Dismiss (Doc. #14) is **DENIED**.

3. Defendants' Joint Motion to Dismiss Plaintiff's Complaint (Doc. #17) is **DENIED** as moot as to Sarah Jo Cross and **DENIED** as to Mary Rhude Cross.

**DONE AND ORDERED** at Fort Myers, Florida, this   4th   day of March 2024.

_John E. Steele_
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Parties of record

10