UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARY RHUDE CROSS, as
guardian of A.C., a minor,
J.C., a minor, and L.C., a
minor,

      Plaintiff,

v.                                        Case No: 2:23-cv-851-JES-DNF

THE NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY,

      Defendant.

_____

### POST VERDICT OPINION AND ORDER

This case came before the Court on a jury trial beginning February 23, 2026, and concluding on March 2, 2026.  The case was governed by the Final Pretrial Conference Order, which set forth certain trial procedure. (Doc. #126, pp. 3-4.)  In its Complaint (Doc. #1) Northwestern Mutual Life Insurance Company ("Northwestern Mutual") sought rescission of a certain life insurance policy on the life of Dr. Chaundre K. Cross ("Dr. Cross") based on misrepresentations by Dr. Cross in his insurance application (Count I) and sought a declaratory judgment finding that Dr. Cross died by suicide (Count II).  In a Counterclaim, Mary Rhude Cross asserted a breach of contract claim against Northwestern Mutual for denying the claim for death benefits under

the policy, repudiating obligations under the policy, and trying to rescind the policy.  (Doc. #55.)

Based on the Jury Verdict (Doc. #161), the Court finds and adjudges as follows:

1. Northwestern Mutual has established by a preponderance of the evidence that it was entitled to rescind Dr. Cross's policy, Policy No. 24021669, based on material misrepresentations by Dr. Cross in his insurance application.  Mary Rhude Cross has not shown that such rescission is precluded by ratification, waiver, or estoppel principles.

2. Northwestern Mutual has not shown by a preponderance of the evidence that Dr. Cross committed suicide, and therefore its request for a declaratory judgment is denied.

3. Mary Rhude Cross has not shown by a preponderance of the evidence that Northwestern Mutual breached its insurance contract by refusing to pay the death benefit. Northwestern Mutual's refusal to pay was justified because it was entitled to rescind the policy.

Accordingly, the Clerk of the Court shall enter judgment as follows:

1. Northwestern Mutual was entitled to rescind Dr. Cross's policy, Policy No. 24021669, based on material misrepresentations

by Dr. Cross in his insurance application.  Mary Rhude Cross did not show that such rescission was precluded by ratification, waiver, or estoppel principles.

2. Northwestern Mutual's request for a declaratory judgment that Dr. Cross committed suicide is denied.

3. Mary Rhude Cross has not established that Northwestern Mutual breached its insurance contract by refusing to pay the death benefit.  Northwestern Mutual's refusal to pay was justified because it was entitled to rescind the policy.

**DONE AND ORDERED** at Fort Myers, Florida, this __3rd__ day of March 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record

- 3 -