UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THE NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY,

       Plaintiff,

v.                              Case No:  2:23-cv-851-JES-KRH

MARY   RHUDE   CROSS,   as
guardian of A.C., a minor,
J.C., a minor, and L.C., a
minor, ANY UNKNOWN CHILDREN
OF CHAUNDRE K. CROSS,

       Defendant.

_____

MARY   RHUDE   CROSS,   as
guardian of A.C., a minor,
J.C., a minor, and L.C., a
minor,

       Counter-Claimant

v.

THE NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY,

       Counter-Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on review of Northwestern Mutual Life Insurance Company's Bill of Costs (Doc. #171) filed on March 18, 2026.  Mary Rhude Cross filed an Objection (Doc. #174) on April 1, 2026, and Northwestern Mutual filed a Response to Objection (Doc. #184) on April 17, 2026.  The requested costs will be taxed as set forth below.

**I.**

Plaintiff Northwestern Mutual Life Insurance Company (Northwestern) filed a Complaint (Doc. #1) against Sarah Jo Cross, individually and as personal representative of the Estate of Chaundre K. Cross, M.D., and Mary Rhude Cross as guardian of the minor children.  Northwestern sought to rescind the contract of insurance with Chaundre Cross or for a declaratory judgment that Chaundre Cross's death was a suicide.  Sarah Jo Cross was dismissed individually and as a personal representative without prejudice. (Doc. #34.)  Mary Rhude Cross (Cross) filed a Counterclaim (Doc. #54) against Northwestern for breach of contract.

On November 5, 2025, the Court denied summary judgment. (Doc. #77.)  On February 3, 2026, at the Final Pretrial Conference, the Court issued directives on how the case would proceed at trial before a jury.  (Doc. #126.)  The case proceeded to trial and on March 3, 2026, the jury returned verdicts finding that Northwestern was entitled to rescind the life insurance policy but that it did not prove by a preponderance of the evidence that Dr. Cross died by suicide.  (Doc. #161.)  Based on the verdicts, the Court directed judgment as follows: (1) Northwestern was entitled to rescind Dr. Cross's policy, Policy No. 24021669, based on material misrepresentations by him on his insurance application; (2) Mary Rhude Cross did not show that such rescission was precluded by ratification, waiver, or estoppel principles; (3) Northwestern's

- 2 -

request for a declaratory judgment that Dr. Cross committed suicide was denied; (4) Mary Rhude Cross has not established that Northwestern Mutual breached its insurance contract; and (5) Northwestern's refusal to pay was justified because it was entitled to rescind the policy.  (Docs. #162, #168.)

The Bill of Costs (Doc. #171) seeks a total of $12,726.19 in taxable costs.  There is no objection to the $402 filing fee. Mary Rhude Cross (Cross) objects to the costs of serving witness subpoenas, the transcript costs, witness fees, and copying costs. Cross suggests that Northwestern should be awarded an amount not exceeding $4,704.44.  In response, Northwestern notes that it agreed to voluntarily reduce the demand before filing the request. Northwestern agrees to further reduce the request in response to an objection not previously raised for a total reduction of $467 as to service of process and $117.41 as to Dr. Mizyl Damayo.

**II.**

Cross does not dispute that Northwestern is entitled to costs as the prevailing party pursuant to Fed. R. Civ. P. 54(d)(1), only the amount of costs.  "[A]bsent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set

- 3 -

out in 28 U.S.C. § 1821[1] and § 1920." Crawford Fitting Co. v. J.

T. Gibbons, Inc., 482 U.S. 437, 445 (1987).  Under Section 1920,

> A judge or clerk of any court of the United States may tax as costs the following:
>
> **(1)** Fees of the clerk and marshal;
>
> **(2)** Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> **(3)** Fees and disbursements for printing and witnesses;
>
> **(4)** Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> **(5)** Docket fees under section 1923 of this title;
>
> **(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  Northwestern seeks (1) Fees of the clerk; (2)

Fees for service of summons and subpoenas; (3) Fees for printed or

electronically recorded transcripts necessarily obtained for use

in the case; (4) Fees for witnesses; and (5) Fees for

exemplification and the costs of making copies of materials where

the copies are necessarily obtained for use in the case.  (Doc.

#171, p. 1.)  The Court discusses each in turn.

---

[1] This provides that a witness "in attendance at any court" shall be paid an "attendance fee of $40 per day," plus travel expenses enumerated in the statute.  28 U.S.C. § 1821.

## A. Fees of the Clerk

Northwestern seeks to recover the $402.00 filing fee. Taxation of the filing fee is authorized by 28 U.S.C. § 1920(1), and Cross does not object. Northwestern may recover the $402.00 filing fee.

## B. Service Fees for Summons and Subpoenas

Northwestern seeks taxation of $5,305.60 for fees for service of summons and subpoenas. Cross objects that the request includes costs for subpoenas that were never served, resulted in no records being obtained or used at trial, that were unnecessary because they were already in hand prior to filing suit, or were a result of attempted service on incorrect addresses. (Doc. #174, pp. 3-4.) In response, Northwestern notes that some costs were removed "from the outset" and other amounts were reduced based on the $65 an hour limit with rush services and other services reduced as noted on the invoices. Northwestern agrees to a reduction of $467 to the extent that some "non-served" subpoenas should not be taxable. (Doc. #184, pp. 5-8.)

A prevailing party may recover, pursuant to 28 U.S.C. § 1920(1), the costs of service of the summons and complaint, as well as the costs of service of deposition and trial subpoenas, as limited by 28 U.S.C. § 1921. U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 624 (11th Cir. 2000). Under § 1921(b), these service fees may not exceed the amount set by the Attorney General by regulation

- 5 -

as fees for service by the U.S. Marshal.  28 C.F.R. § 0.114(a)(3). The current fee for personal service of process is $65 per hour for each item served, plus travel costs and other out-of-pocket expenses.  Id.

The fact that medical records were subpoenaed early in the case does not reduce the costs as they were necessary for use at trial.  Therefore, The Court will allow a total of **$4,838.60.**

### C.  Transcripts

Plaintiff seeks $5,100.95 for the deposition costs of Averina Cela, Sheila Ann Hauerwas, Adam Heiderman, Jason Kestly, Vera F. Dolan, Dana Castro, and Alan Brown.  Cross objects that Averina Cela, Dr. Alan Brown, Vera Dolan, and Dr. Dana Castro all appeared at trial and provided live testimony and so the transcript costs should not be reimbursed.  (Doc. #174, p. 5.)

Under § 1920(2), fees for transcripts "necessarily obtained for use in the case" are taxable.  The "necessarily obtained" component is not an empty requirement.  "Where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable."  U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 620 (11th Cir. 2000) (citing Goodwall Const. Co. v. Beers Const. Co., 824 F. Supp. 1044, 1066 (N.D. Ga. 1992), aff'd, 991 F.2d 751 (Fed. Cir. 1993)). "The question of whether the costs for a deposition are taxable depends on the factual question of whether the

deposition was wholly or partially 'necessarily obtained for use in the case.'" Id., at 620-21 (citing Newman v. A.E. Staley Mfg. Co., 648 F.2d 330, 337 (5th Cir. Unit B 1981) (quoting § 1920(2))). For a deposition of a party, the deposition must have been "reasonably necessary." Id. at 622.

Whether the non-parties also appeared at trial does not mean that the depositions were not necessary for use in the case to prepare for summary judgment or impeachment. The costs will be permitted in the amount of **$5,100.95.**

### D. Witnesses

Plaintiff seeks taxation of witness fees in the amount of $1,353.15. Cross objects to the witness fees to the extent that the fees are duplicative, witnesses did not appear, or the fees are in excess of the $40 limit without an adequate explanation. Cross disputes $1,038.84 of the total. (Doc. #174, p. 5.) In response, Northwestern agrees that there is one duplication with regard to Dr. Mizyl Damayo and it is agreed that the amount should be reduced by $117.41. Northwestern otherwise explains the mileage rate applied for witnesses to the Fort Myers Courthouse was .58/mile rate. (Doc. #184, pp. 11-12.)

Witness fess may be taxed as costs under 28 U.S.C. § 1920(3). "In Crawford, the Supreme Court held that, 'when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821(b), absent contract

- 7 -

or explicit statutory authority to the contrary.'" <u>Morrison v.
Reichhold Chemicals, Inc.</u>, 97 F.3d 460, 463 (11th Cir. 1996)
(quoting <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437,
439 (1987)).  Under 28 U.S.C. § 1821, a witness attending court
or a deposition shall be paid an attendance fee of $40 per day,
plus travel to and from the place of attendance and during such
attendance.  28 U.S.C. § 1821(b).  A witness who travels by common
carrier can be paid actual expenses of travel based on the means
of "transportation reasonably utilized and the distance
necessarily traveled" to the place of attendance.  28 U.S.C. §
1821(c)(1).  A travel allowance for mileage, toll charges, "normal
travel expenses", and a subsistence allowance shall also be paid.
28 U.S.C. § 1821(c)(2)-(4), (d).  Effective January 1, 2026, the
rate per mile is $0.725 for use of a privately owned automobile.[2]

   After eliminating the duplicative cost for Dr. Mizyl Damayo
and noting that the mileage rate applied is less than the current
rate, the Court will grant witness costs in the amount of
**$1,235.74.**

   **E. Copy Costs**

   Plaintiff seeks $564.49 for the cost of making copies which
were necessarily obtained for use in the case.  Cross disputes
$480.86 of this amount because Northwestern provides no

---

   [2]https://www.gsa.gov/travel/plan-book/transportation-airfare-pov-etc/privately-owned-vehicle-pov-mileage-reimbursement-rates.

explanation.   (Doc. #174, pp. 5-6.)   Northwestern responds that the only copying costs sought are those related to the central issues in this case.   (Doc. #184, p. 12.)

Under 1920(4), fees for "exemplification and copies" are permitted if necessary for use in the case.   "Copies attributable to discovery" are a category of copies recoverable under § 1920(4). U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 623 (11th Cir. 2000) (citation omitted).

> In evaluating whether copies were necessary, the Court does not award costs for copies made merely for counsel's convenience, such as multiple copies of documents. [] Similarly, general copying costs without further description are not recoverable. [] The costs associated with copying documents for the purpose of providing them to the court, however, are reimbursable. [] Likewise, a prevailing party may recover costs of copies produced to opposing counsel. [] Thus, a party must demonstrate that copies were necessarily obtained for a reimbursable use in the case.[]

Monelus v. Tocodrian, Inc., 609 F. Supp. 2d 1328, 1335 (S.D. Fla. 2009) (internal citations omitted).

As previously noted, the fact that the copies were obtained early in the case does not make them any less necessary for use in the case.   The Court will allow a total of **$564.49.**

Accordingly, it is hereby

**ORDERED:**

Defendants' Objection (Doc. #174) is **sustained in part.** Plaintiff's Bill of Costs (Doc. #171) is **GRANTED in part.**

- 9 -

Plaintiff shall submit a revised Bill of Costs consistent with this Order for a total of $12,141.78.  The Clerk shall tax costs based on the revised Bill of Costs.

**DONE and ORDERED** at Fort Myers, Florida, this ___1st___ day of June 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

- 10 -