UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARY RHUDE CROSS, as guardian of A.C., a minor, J.C., a minor, and L.C., a minor, ANY UNKNOWN CHILDREN OF CHAUNDRE K. CROSS,

Plaintiff,

v. Case No. 2:23-cv-851-SPC-KRH

THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,

Defendant.[1]

**ORDER**

At issue is Defendant The Northwestern Mutual Life Insurance Company's Motion for Entitlement to Attorney's Fees. (Doc. 169). Plaintiff Mary Rhude Cross responded in opposition (Doc. 172), to which Defendant replied (Doc. 179). The Court denies the motion without prejudice pending appeal.

**Background**

This case went to trial. Where relevant, Defendant prevailed. So the Court entered its opinion and judgment. (Doc. 162; Doc. 168). Defendant

[1] The Court uses the case style from trial for ease of reference. (Doc. 126 at 3).

moved for attorney's fees under Florida law based on a proposal for settlement. *See* Fla. Stat. § 768.79; (Doc. 169). Plaintiff opposed Defendant's fee request. (Doc. 172).

Then, Plaintiff appealed. (Doc. 175). That appeal remains pending. *Cross v. The Northwestern Mut. Life Ins. Co.*, No. 26-11082 (11th Cir.). Plaintiff's initial brief is due in a few weeks.

**Discussion**

"As a general rule, the filing of a notice of appeal divests a district court of jurisdiction on any matter involved in the appeal." *Elver v. Whidden*, No. 2:18-cv-102-FtM-29CM, 2019 WL 718536, at *1 (M.D. Fla. Feb. 20, 2019); *Green Leaf Nursery v. E.I. DuPont de Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003). But district courts may retain power to consider issues collateral to those on appeal, like attorney's fees and costs. *Briggs v. Briggs*, 260 F. App'x 164, 165 (11th Cir. 2007); *Rothenberg v. Sec. Mgmt. Co.*, 677 F.2d 64, 65 (11th Cir. 1982). So this jurisdictional limit does not prohibit seeking fees before an appeal concludes.

That said, courts have broad discretion to defer or deny a motion for attorney's fees without prejudice with leave to refile after the appeal. *E.g.*, *The Indigo Room, Inc. v. City of Fort Myers*, No. 2:12-CV-39-FTM-38CM, 2014 WL 1174355, at *1 (M.D. Fla. Mar. 21, 2014). As the Advisory Committee explained:

> If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved.

Fed. R. Civ. P. 54(d) Advisory Committee Note to 1993 Amendment.

Exercising that discretion, judges routinely deny without prejudice or defer rulings on fees. *E.g.*, *Magma Glob., LLC v. NHT SP, LLC*, No. 8:23-cv-2076-SDM-AEP, 2024 WL 5480052, at *1 (M.D. Fla. Dec. 16, 2024); *Pinto v. Rambosk*, No. 2:19-cv-551-JLB-MRM, 2021 WL 4263404, at *2 (M.D. Fla. Sept. 20, 2021). This decision often serves the twin aims of promoting judicial economy and securing an efficient resolution of the action. *E.g.*, *Bowers v. Universal City Dev. Partners, Ltd.*, No. 603CV985ORL18JGG, 2005 WL 1243745, at *2 (M.D. Fla. May 19, 2005) ("If the district court were to resolve the fee and cost issue while an appeal remains pending, it would be asked to repeat the procedure following the appeal. This Court prefers to avoid the piecemeal resolution of fee disputes."); *U.S. ex rel. Ragghianti Foundations III, LLC v. Peter R. Brown Constr., Inc.*, No. 8:12-cv-942-T-33MAP, 2014 WL 5307490, at *1 (M.D. Fla. Oct. 16, 2014); *Yellowpages Photos, Inc. v. YP, LLC*, No. 8:17-cv-764-T-36JSS, 2020 WL 6729719, at *2 (M.D. Fla. Oct. 29, 2020). This is especially true where—as here—a party seeks fees under § 768.79, which can include appellate fees. *See Bandsuch v. Werner Enters., Inc.*, No. 2:05-cv-305-FtM-99SPC, 2010 WL 11507000, at *1 (M.D. Fla. Nov. 16, 2010).

The Court finds that justice would be better served by denying the motion without prejudice with leave to refile after the appeal wraps up. This was an involved case resulting in a six-day trial, which is now on appeal. If Plaintiff succeeds, any fees awarded may be nullified; if Defendant succeeds, any fees awarded may be incomplete. So either outcome presents reason to defer making a final decision on fees until after the appeal resolves.

Because Plaintiff's appeal is pending on these issues, the Court denies the motion without prejudice. If necessary, Defendant may refile the motion within twenty-one days after the appeal concludes (i.e., after the Eleventh Circuit issues a mandate). *See Byndom v. Waffle House, Inc.*, No. 6:23-cv-1971-JA-LHP, 2025 WL 1456595, at *1 (M.D. Fla. May 21, 2025); *Gimenez v. McLane Foodservice, Inc.*, No. 6:23-cv-1102-GAP-RMN, 2024 WL 6881921, at *1 (M.D. Fla. Aug. 19, 2024); *Action Nissan, Inc. v. Hyundai Motor Am.*, No. 6:18-cv-380-WWB-EJK, 2022 WL 17409415, at *1 (M.D. Fla. Feb. 7, 2022) (Kidd, J.).

Accordingly, it is now

**ORDERED**:

1. Defendant's Motion for Entitlement to Attorney's Fees (Doc. 169) is **DENIED without prejudice**.

2. Defendant may file a renewed motion (if appropriate) within twenty-one days after the Eleventh Circuit issues a mandate on the pending

appeal.

**DONE** and **ORDERED** in Fort Myers, Florida on July 24, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record